M’Gikk, C. J.,
delivered the opinion of the Court.
This proceeding originated in the Probate Court. That Court gave judgment for the plaintiff in error, from which there was an appeal to the Circuit Court, where the-plaintiff recovered $50; not being satisfied with that judgment, has brought a writ of error, to reverse his own judgment. No pleadings were made up in either Court, hut the matters of law and fact were submitted at large for the determination off the Court. The facts in the case are, that in the year 1817, Gillespie, the defendant intestate, went to the county of Montgomery, and obtained boarding with the plaintiff in his family, and remained so to board with him, till some time in the year 1820 ; and that he cultivated a small piece of ground about a mile from said Hancock’s, for his pleasure or amusement, which he claimed as his own; that in the year 1820, Gillespie left Hancock’s, and went to Scotland, and there remained, till the year 1824, when he returned to the county of St. Louis, in Missouri, and resided in St. Louis till his death, which happened in the latter end of that year. On the trial of the cause in the Circuit Court, the Court held, that the demand was all barred by the statute of limitations, except $50, or thereabouts. The inquiry is, whether or not this decision *485 was right. The statute of limitations says, that all actions on the case, &c., shall he Brought within five years after the cause of action shall accrue. This proceeding is in the nature of an action on the case. At the latter end of this statute, there is this proviso, viz: “ that if any defendant to any civil or criminal cause, herein Before recited, absconds or removes himself, or by removal out of the country or territory where he resided when such cause of action accrued, or by any other indirect means, defeats or obstructs the Bringing or maintaining all or any of the aforesaid actions, within the respective times limited by this act, such defendant shall not be permitted to plead this act in bar.” The plaintiff’s counsel insists, that by the de-, fendant’s absence to Scotland, he was defeated and obstructed from having his action within the five years. The Court is of this opinion ; but on the other side, it is contended, first, that the action on the case is not proved to be defeated, Because the plaintiff might, notwithstanding the absence, have brought his action, by leaving a summons at the intestate’s usual place of abode, according to the statute; or that he might have proceeded by attachment. As to to the first remedy, we think, that by the evidence, Gillespie’s usual place of abode was at the plaintiff’s before he went to Scotland, and to have the Sheriff to leave the summons with the plaintiff’s family, would be tantamount to no notice at all; and although it had for several years been his usual place of abode, yet the evidence is quite satisfactory, that he abandoned it when he left there for Scotland.
As to the remedy by attachment, we think the plaintiff was not bound to take upon himself this burthensome remedy, even if it did appear that Gillespie left property enough to satisfy the demand; to be sure, the action in attachment in this case would have, in form, been an action on the case, But the remedy is out of the common course of remedies; it is Burthensome. The plaintiff must swear to his debt, give a bond to answer in damages, if the debt is. disproved, and this bond must hang over him several years. But above all, in this case, there is no evidence that the intestate’s property would have Been available to satisfy the debt, or even the costs. Gillespie cultivated a small piece of land, which he claimed as his own. Now we do know that in this State many persons tilled land to which they have no sort of right j and on this branch of the subject we will say, that if there had been property sufficient to pay this debt, the fact sho.uld, at all events, he proyed.
In this case, we say, the action was both defeated and obstructed. Now, what is it to defeat the bringing the action ? We say, for a person to go beyond the jurisdiction of the State, though it does not entirely defeat the bringing the action, it must greatly obstruct it. But to go beyond the Atlantic, to the kingdom of Scotland, does as completely put it out of the power of a party to bring or maintain his action,, as it would do if the party, had gone to China or Hindostán. The plaintiff surely was not bound to follow this man to Scotland, because this would have cost more than the debt was worth; and in our opinion, there is no good reason to say the plaintiff was not obstructed^ and indeed defeated, of having his action..
The judgment is reversed and sent back for a new trial.
Wash, J.
I differ with my brethren in the construction of the statute. In the provision, made for the removal of the defendant, the act of removal is considered an indirect means only, by which the plaintiff may be defeated or obstructed in bringing or, *486 maintaining his action. The mere change of residence} from one county to another in the State, or from this State to any other of the- United States, or to a foreign country, does not (necessarily) defeat or obstruct the action. It is certain that it very often has that effect, and that it may he the possible, and even probable consequence in every instance, and that,,too, in proportion to the distance to-whichihe defendant removes. Yet is equally certain, that in point' of fact it may often.facilitate the plaintiff’s recovery. The right to plead the.-statute-is positive).and not to be barred by showing a case, however probable. It may be well that the defendant left a family, and a large amount of property behind. Although neither is to be inferred from the record, we are not precluded from.supposing that suoh was the fact; and if so, could it he contended, that the plaintiff had been defeated or obstructed? I think not; for although.he could not have arrested the defendant’s-person, he could have left his summons with the family, or have-sued, out his attachment, if property only was left. It is true, that it might be somewhat more expensive and inconvenient for the plaintiff to establish his right, and the same.thing might be said of a removal from one county to another.. But it is not the physical ability or convenience of the plaintiff to which the statute looks, but his ability in law. ■ The case of Bobb and Shipley, decided at the November term of this Court, 1822, goes, I think, the full length of the-construetion for which I. contend. In that case it was held that a removal from Kentucky to this State,, would not prevent the running of the statute ; and on this point the Court say, “ it is apparent and.clear, the removal must have a particular character, and must, in its tendency, defeat or obstruct the bringing an action;,and proof, that the plaintiff inquired for defendant after his removal, at the place where he resided, where the cause of action accrued, and could.not find where-he was, so that he might sue, &c., would be sufficient.”