[S. F. No. 1708. Department One.—July 31, 1900.]

W. D. HALE, as Receiver, etc., Appellant, v. JOHN A. BARKER et al., Respondents.

Building and Loan Association—Mortgage—Assignment of Shares—Redemption Money—Credits Upon Mortgage.—Under a mortgage by a member of a building and loan association, where it is part of the contract that when his stock is fully paid up it shall be applied to discharge the mortgage, and the shares are assigned to the association as collateral security for the loan, and the interest and dues are consolidated in the mortgage, the monthly payments are to be regarded as "redemption money," and an implied agreement is raised that they shall be credited upon the mortgage.

Id.—Insolvency of Association Unprovided for—Termination of Contract—Credits Upon Mortgage.—Where the building and loan association becomes insolvent, and further performance of the

contract thereby becomes impossible, the contract is to be deemed terminated, and where there is no provision in the mortgage or in the charter or by-laws of the company for the case of insolvency, in an action by a receiver of the insolvent association to foreclose a mortgage against a member whose shares of stock are pledged as collateral security for the loan, the monthly payments of interest and dues, so far as made, should be credited upon the mortgage.

APPEAL from a judgment of the Superior Court of Fresno County.   J. R. Webb, Judge.

The facts are stated in the opinion.

L. L. Cory, and Eugene G. Hay, for Appellant.

Upon the insolvency of the association and the appointment of the receiver, the borrowing stockholder is not entitled to be credited upon his loan with the monthly installments upon his stock; but must pay up the mortgage, and afterward stand for a dividend *pro rata* with other members of the association. (*Curtis v. Granite State etc. Assn.,* 69 Conn. 6[1]; *Rogers v. Hargo,* 92 Tenn. 35; *State etc. Assn. v. Carroll,* 4 Pa. Dist. Rep. 6; *Cook v. Kent,* 105 Mass. 254; *Strohen v. Franklin etc. Assn.,* 115 Pa. St. 273; *Link v. Germantown Bldg. Assn.,* 89 Pa. St. 15; *Towle v. American etc. Soc.,* 61 Fed. Rep. 446; *Hekelnkaemper v. German Bldg. etc. Assn.,* 22 Kan. 549; *Post v. Building etc. Assn.,* 97 Tenn. 408; *Wohlford v. Citizens' etc. Assn.,* 140 Ind. 662; *Eversmann v. Schmitt,* 53 Ohio St. 174[2]; *People v. Lowe,* 117 N. Y. 175; *Brown v. Archer,* 62 Mo. App. 277; *Steinberger v. Independent etc. Assn.,* 84 Md. 625; *Hale v. Cairns,* 8 N. Dak. 145[3]; *Weir v. Granite State etc. Assn.,* 56 N. J. Eq. 234.)

H. H. Welsh, for Respondents.

Many courts have adopted the rule, based upon the theory of the rescission of the contract by reason of the insolvency of the association, and its inability to carry out the contract, that the borrower is chargeable only with the amount received, with interest, and is to be credited with all sums paid in as interest or dues.   (*Cook v. Kent,* 105 Mass. 246; *Windsor v. Bandel,* 40

---

[1] 61 Am. St. Rep. 17.

[2] 53 Am. St. Rep. 632.

[3] 73 Am. St. Rep. 746.

Md. 172; *Low Street Bldg. Assn. v. Zucker*, 48 Md. 448; *Waverly etc. Bldg. Assn. v. Buck*, 64 Md. 338; *City etc. Bldg. Assn. v. Goodrich*, 48 Ga. 445; *St. Peter's Bldg. Assn. v. Jaecksch*, 51 Md. 198; *Hampstead Bldg. Assn. v. King*, 58 Md. 279; *Carpenter v. Richardson*, 101 Tenn. 176.)  Other rules for equitable distribution are laid down in 7 Thompson on Corporations, 7360, and note, and in *Sullivan v. Stucky*, 86 Fed. Rep. 491; and still another in the authorities cited by appellant.  The latter rule is subject to the objection that "hardships and increased expenses of settlement result from the adoption of this rule." (7 Thompson on Corporations, 7360, and note.)  The question is undecided in this state.

HAYNES, C.—This action was commenced in the superior court of Fresno county by the American Savings and Loan Association, a corporation having its place of business at Minneapolis, in the state of Minnesota, to foreclose a mortgage executed by John A. Barker and wife upon property situate in Fresno.  Prior to the commencement of the action defendant W. H. McKenzie became the owner of the mortgaged property, and, having assumed Barker's liability, he alone answered.

During the pendency of the action the said savings and loan association became insolvent, and W. D. Hale, having been appointed receiver of the insolvent corporation, filed a supplemental complaint, and was substituted as plaintiff.  The amount claimed by the plaintiff was seventeen hundred and ninety-two dollars and forty cents, with interest from July 1, 1897, and the court gave judgment in his favor for four hundred and one dollars, and he appeals.  The appeal was taken within sixty days upon the judgment-roll, which contains a bill of exceptions.  The bill of exceptions admits there was evidence sufficient, in form and effect, to justify all the findings except the fourteenth, but all the facts stated in that finding are repeated and admitted in the bill of exceptions.

The American Savings and Loan Association, the mortgagee, was one of the class of corporations commonly known as building and loan associations, incorporated under the laws of the state of Minnesota, and having its place of business at Minneapolis in said state.  Its articles of incorporation provided that the general nature of its business should be "to assist its mem-

bers in saving and investing money, and in buying and improving real estate, and in procuring money for other purposes by loaning or advancing under the mutual building society plan, to such of them as may desire to anticipate the ultimate value of their shares, funds accumulated from the monthly contributions of its stockholders, and also such other funds as may from time to time come into its hands."

On June 5, 1889, Barker subscribed for thirty shares, the stock certificate was issued on the 14th, and on the 20th he applied for the advancement of fifteen hundred dollars, by way of loan or anticipation of the value of his shares at their maturity, and, in accordance with the laws of that state and the by-laws of said association, bid the sum of fifty dollars per share, or fifteen hundred dollars, as and for the premium for such advancement.

By the terms of the certificate of stock issued to him, and of the by-laws, Barker was obligated to pay, on or before the 14th of each and every month from and after the date of said certificate, the sum of sixty cents per share as monthly dues upon said stock until the same should be matured and of the value of one hundred dollars per share.

On September 13, 1889, the mortgage was executed. It purported to secure the continued monthly payment of the interest on the advancement of fifteen hundred dollars at the rate of six per cent per annum, and the monthly dues on the stock until it matured, and should be of the value of one hundred dollars per share, and also the surrender of said stock at its maturity in payment of said advancement and the premium bid.

A bond in the sum of three thousand dollars was also executed by Barker and wife containing substantially the same obligations and conditions above stated.

On January 14, 1896, in an action by the state of Minnesota on relation of the attorney general against said association, it was adjudged insolvent and unable to perform its contracts or mature its stock, or to carry out the purposes for which it was created; and the present plaintiff, W. D. Hale, was appointed receiver, and prosecuted this case in the court below.

As a conclusion of law the court found that plaintiff was entitled to judgment for the sum of four hundred and one dollars.

In reaching this conclusion the court charged the defendant with fifteen hundred dollars, the amount of the advancement, and interest thereon, and credited him with the interest paid thereon, amounting to three hundred and ninety-seven dollars and fifty cents, and also credited the monthly payments of eighteen dollars upon the stock, aggregating the sum of one thousand and eight dollars. The only question is whether the defendant is entitled to be credited with the monthly payments made upon his stock, the association having been adjudged insolvent and placed in the hands of a receiver.

Appellant contends that he is not; that he can only be credited with the interest paid; that the monthly payments of sixty cents per share, amounting to eighteen dollars per month, was paid upon the stock and not upon the money borrowed, and that he is entitled to recover said sum of fifteen hundred dollars, with interest from February, 1894, the interest thereon having been paid to that date.

The question here presented has not been adjudicated in this state, but has frequently been considered in other states. The authorities, however, are conflicting, some sustaining the rule adopted by the court, others sustaining appellant's contention, and others still adopting rules varying from each of those contended for here in several particulars.

It is conceded by the authorities generally, as well as by counsel, that where such an association becomes insolvent, and a receiver is appointed, the courts do and should treat the changed conditions of affairs as equivalent to a termination of the contract between it and its members, and that neither the corporation nor its receiver is entitled to enforce subsequently accruing liabilities, either for dues or premiums, and that mortgages given by borrowing members may be foreclosed, though the time for ultimate satisfaction, cancellation and release of the same has not expired. Thus, the mortgagor, who under the terms and conditions of his mortgage, as well as of the charter and by-laws of the corporation, contracted to pay in small monthly payments extending over a period of about seven or eight years, may, at any time after the execution of the mortgage, be required, in consequence of the insolvency of the corporation, to adjust and satisfy the advancement or loan, or suffer

his mortgage to be foreclosed. This, it is obvious, could not be done but for the fact that in order to obtain the loan or advancement he subscribed for shares or stock in the association and thereby became a member and assumed the obligations and relations incident to membership; and as by the insolvency of the association there was no longer any power to exact the payment of dues and the obligation to pay them had ceased, the contract as to the time and manner in which the mortgage was, by its terms, to be satisfied became impossible of fulfillment. No provision was made for such a contingency, and the rights and liabilities of the parties are to be determined by purely equitable considerations.

The great diversity in the organization of building and loan associations as to their charters, constitutions, and by-laws makes it difficult to estimate at their just value the various decisions. Nor do I think it possible to lay down any "hard and fast" rule that shall apply in all cases, not only because of the difference in the mode and rules of business adopted by different associations, but because of the differing conditions inserted in mortgages and the varying allegations in complaints.

In this case appellant's contention that the monthly dues, amounting to one thousand and eight dollars, should not be credited upon the mortgage is based chiefly upon the fact that Barker, by subscribing for his thirty shares of stock, became a member of the association, and, the association being insolvent, he is liable the same as nonborrowing members for his just proportion of the debts and expenses of winding up the association. It may be conceded, for the sake of the argument, that that is true. But in going associations its liabilities were met from its income, and the members or subscribers were not assessed to meet the liability, but the maturity of their stock was thereby delayed, and thus all subscribers bore the liability equally according to their respective number of shares. It is neither alleged nor shown by the evidence that any provision was made in the charter or by-laws for the contingency of insolvency, nor does the bond or mortgage purport to secure the payment of his, or any proportion of the liabilities of the association in case of insolvency. Such liability, if any, rested upon Barker as a member and not as mortgagor.

Appellant cites the case of *Eversman v. Schmitt,* 53 Ohio St. 174,[4] where the defendant was held liable upon her mortgage for an assessment made by the receiver to meet certain losses suffered by the corporation which was then insolvent. But there the mortgage contained, among other conditions, a stipulation for the payment of such "assessments" as might be levied on her as a member. The mortgage in this case contains no such provision.

Besides, the receiver and James H. Bishop, who was secretary of the association from 1887 until the appointment of the receiver, were examined as witnesses, and were unable to give any information as to the liabilities and resources of the association, and it would be inequitable to compel the mortgagor to pay a large sum to the receiver without some evidence tending to show, at least approximately, the amount of his liability.

It was part of the contract between the mortgagor and said association that when the stock should be fully paid up and of the value of one hundred dollars per share, the mortgagor should surrender the stock to the association in full payment and discharge of the mortgage; and it was also required that the mortgagor should assign and transfer to the association at the time the bond and mortgage were executed the stock then owned by the mortgagor as collateral security for the loan or advancement, and this was done.

In *Buist v. Bryan,* 44 S. C. 121,[5] the court said: "The assignment and transfer of the shares of stock by the mortgagor as collateral security for the loan, and consolidating the interest and dues in the mortgage, show that the amount paid monthly, consisting of interest and dues, is to be regarded as what is called 'redemption money,' and raises an implied agreement that such payment shall be credited on the mortgage."

I advise that the judgment be affirmed.

Gray, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.          Harrison, J., Garoutte J., Van Dyke, J.

---

[4] 53 Am. St. Rep. 632.

[5] 51 Am. St. Rep. 787, 793.